# RAAB, STURM & GANCHROW, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
Fax: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

MAURA E. BREEN**
SAMUEL R. BLOOM****

\* ADMITTED IN NY AND NJ
\*\* ADMITTED IN NY AND CT
\*\*\* ADMITTED IN NY AND FL
\*\*\*\* ADMITTED IN NY, NJ AND MD

September 3, 2019

By: ECF
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  O'Conner, et al.
        v.
     Agilant Solutions, Inc.
     S.D.N.Y. Docket No. 18-CV-6937 (GHW)

Dear Judge Woods,

The following response is provided to Plaintiffs' pre-motion conference letter request (Docket Entry # 56). As will be demonstrated below, Plaintiffs' request is made in bad faith as Plaintiffs have voluntarily dismissed and waived all claims for entitlement to any form of injunctive relief, when it filed its Second Amended Complaint. (Docket Entry # 31) Moreover, the relief sought is not available as the request is simply without substantive merit. Lastly, by advising the Court of an intent to seek Rule 11 sanctions, Plaintiffs have violated the "safe harbor" provisions of the Rule, thereby depriving Plaintiffs of any right to even move for sanctions.

The matter was initiated by Plaintiffs by the filing of a collective class claim on August 1, 2018. (Docket Entry # 1). Plaintiffs' filed as of right a First Amended Complaint on September 6, 2018 (Docket Entry # 12). Pursuant to Your Honor's Rules of Individual Practice on December 11, 2018, Defendants filed a pre-motion conference request, seeking, inter alia, leave to move to dismiss all claims to entitlement to injunctive relief. (Docket Entry # 22). The letter stated in pertinent part:

> The undersigned is counsel to Agilant Solutions Inc. d/b/a ASI System Integration, Inc. referred to herein as "Defendant" the defendant in the above captioned matter. The following letter is submitted pursuant to Section 2.C of Your Honor's Individual Rules of Practice, for the purpose of requesting a pre-motion conference to address Defendant's desire to file a motion for partial dismissal of the complaint for failure to state a cause of action. As will be summarized below, Defendant

> seeks to dismiss that portion of the Amended Complaint that seeks injunctive relief
> …

The First Amended Complaint included a claim specifically seeking an injunction against Defendants for, inter alia, the conduct that Plaintiffs now seek to enjoin. In this context, the First Amended Complaint labeled itself as:

**AMENDED CLASS AND
COLLECTIVE ACTION COMPLAINT
FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF**

(Bold printing and emphasis in the original.) The First Amended Complaint asserted:

> 8. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the NYLL and Collective Class under the FLSA, to remedy the Defendants' failure to pay all wages due, <u>in addition to injunctive relief</u>. (Emphasis added.)

At the time of the filing it was Defendants' position that no injunctive relief, of any nature, was available to Plaintiffs and hence, the request to dismiss all claims to entitlement to injunctive relief. In response, to Defendants' pre-motion conference letter, Plaintiffs, by letter dated December 17, argued to the Court, inter alia:

> Plaintiffs' Complaint seeks an order from this Court enjoining Defendants from further violations of the FLSA and NYLL. (Amended Compl. ¶ F of "Prayer for Relief"). Here, Plaintiffs seeks to certify an FLSA collective action and a Rule 23 class that will include current employees, and that accordingly injunctive relief may be appropriate. For example, Plaintiff will urge this Court to enjoin Defendants from retaliating against any current employees who are part of a certified FLSA collective action, which would clearly be a violation of the FLSA and NYLL. Plaintiffs will also seek to include terms in any potential Rule 23 notices prohibiting retaliation. Courts in the Southern District have denied motions to dismiss claims for injunctive relief in identical factual situations. See Indergit v. Rite Aid Corp., 2010 WL 1327242, at *13 (S.D.N.Y. 2010) (denying motion to dismiss claims for injunctive relief to enjoin retaliation on behalf of a FLSA collective and Rule 23 class, even though the named plaintiff was a former employee and could not himself seek injunctive relief.). Additionally, Rule 23(b)(2) specifically allows for classwide injuctive (sic) relief. SeeFed. R. Civ. P. 23(b)(2). The case Defendant cites to support their claim that injunctive relief is not available is wholly inapplicable and did not deal with former employees' standing. See N.Y. State Court Clerks Ass'n v. Unified Court System of the State of N.Y., 25 F.Supp.3d 459, 466 (S.D.N.Y. 2014) (finding that an Association did not have standing to sue on behalf of its members and could not seek injunctive relief under the FLSA). <u>As such, Plaintiffs' claims for injunctive relief to enjoin any potential retaliation under the FLSA and NYLL cannot be dismissed nor are Plaintiffs barred under Rule 23 from seeking injunctive relief.</u> (Emphasis added.)

(Docket Entry # 24). In due course, the Court set a briefing schedule on Defendants' motion to dismiss all claims for injunctive relief. However, the need for the motion was mooted when the parties agreed to resolve the matter by allowing the Plaintiffs to file a Second Amended Complaint that dropped all claims to entitlement to any form of injunctive relief. The parties signed off on a stipulation to this effect. The stipulation reads, in pertinent part:

> NOW, THEREFORE, it is hereby stipulated and agreed, by and between counsel for the parties, that:
>
> 1. Defendant hereby agrees not to file a pre-answer partial motion to dismiss the portions of the Amended Complaint seeking injunctive relief and the portions of the Amended Complaint seeking either collective or class certification and Plaintiffs hereby agree to amend their complaint to remove any claims for injunctive relief.
>
> 2. As such, pursuant to FRCP 15(a)(2), Plaintiffs' Second Amended Complaint ("SAC") (attached as Exhibit A hereto) shall be deemed filed as of the date the Court approves this Stipulation and Order. The First Amended Complaint shall be superseded as of that date. Defendants shall file their Answer to the SAC within 21 days of that date.
>
> 2. As set forth in the SAC, all claims for injunctive relief shall be withdrawn as of the date the Court approves this Stipulation and Order. (Emphasis added.)

(Docket Entry # 29) On January 30, 2019, the Court allowed for the Second Amended Complaint to be filed, but the Court took no position on the balance of the stipulation. (Docket Entry # 30). It is anticipated that Plaintiffs will argue that Plaintiffs are not bound by their stipulation against seeking injunctive relief, simply because the Court did not so order the actual settlement, but rather, took no position as to the stipulation. As will be demonstrated, such an argument is without merit.

As an initial matter, the Court is apprised of two recent decisions, not referenced by Plaintiffs in their pre-motion conference request letter, one by the United States Supreme Court in Epic Systems Corp. v. Lewis, 584 U.S. __, 138 S.Ct. 1612 (2018), and the second, a decision of the National Labor Relations Board, in Cordúa Restaurants, Inc. *and* Steven Ramirez *and* Rogelio Morale, 368 NLRB No. 43 (August 14, 2019). Both decisions rule in favor of an employer's absolute right to seek of its employees, as a condition of employment or continued employment, an agreement to arbitrate FLSA disputes on an individual basis, and thereby waive all rights to participate in a Rule 23 class action or a collective action under the FLSA. Without conceding the accuracy of Plaintiffs' factual assertions, it is this right that Plaintiffs now seek to have the Court enjoin, and it is this conduct Plaintiffs have specifically waived any entitlement to relief.

Injunctive relief is an equitable principal, which requires the moving party to come to the Court in good faith and with clean hands. Plaintiffs having waived any and all claims to seek injunctive relief and Defendants having relied on such waivers to their detriment. Clean hands is predicated upon a plaintiff's claim of inequitable conduct which is related to matters involved in the suit. Keystone Co. v. Excavator Co., 290 U.S. 240, 245, 54 S. Ct. 146, 78 L. Ed. 293, 1934 Dec. Comm'r Pat. 639 (1933). At hand Plaintiffs have stipulated that injunctive relief is not a

"matter involved in the suit". Defendants having relied upon this promise and altered its position in the litigation to its detriment. Plaintiffs cannot overcome the argument of waiver. The waiver is binding, even if in the absence of the waiver, Plaintiffs would have been entitled to the injunctive equitable relief they now seek. See Deweese v. Reinhard, 165 U.S. 386, 390, 17 S. Ct. 340, 41 L. Ed. 757 (1897), as cited in Keystone, supra.

As to the merits of the application, it is anticipated that Plaintiffs will have no admissible evidence that any action involving the issues raised in the pre-motion conference letter as involving a current plaintiff or a current opted in plaintiff. To the extent a motion is made, it must be made on a clear factual record. Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 S. Ct. 2193 (1981). Since no determination can be made on the merits of the application until after a factual analysis, no sanctions could be warranted as there is nothing prohibiting contact with potential opt in plaintiffs or class action participants and there is Supreme Court precedent permitting both contact with potential opt in collective or potential class members and a requirement by employersof employees to accept an arbitration procedure as a condition of employment or continued employment.

Lastly, Plaintiffs' assertions to the Court of its intent to seek Rule 11 sanctions is in itself the subject to sanctions, as it is posed to the Court in violation of the strict procedures enacted for applications of Rule 11 sanctions. By apprising the Court of an intent to bring on a Rule 11 sanction application, Plaintiffs have intentionally violated the "safe harbor" provisions of Rule 11. The Court is not to be apprised of any potential motion for sanctions until the expiration of the "safe harbor" time limitations.

> Failure to comply with the 21-day "safe harbor" provision precludes consideration of the merits of the motion and any award of sanctions under Rule 11. See Hadges v. Yonkers Racing Corp, 48 F.3d 1320, 1328 (2d Cir. 1995); Fleet Nat'l Bank v. Weightman Group, 2003 WL 21781967, [*11] *5 (S.D.N.Y. June 19, 2003) (failure to follow procedures in Rule 11 precludes sanctions); Bonondona v. Stat House, Inc., 1997 U.S. Dist. LEXIS 988, 1997 WL 43614, *3 (S.D.N.Y. February 4, 1997)

Creek Ventures, LLC v. World Parts, LLC, Nos. 01-CV-89C, 01-CV-90C, 2004 U.S. Dist. LEXIS 9808 at * 10 – 11 (W.D.N.Y. Apr. 5, 2004).

Respectfully submitted,

Ira A. Sturm

cc: Rachel Haskell, Esq. (By: ECF)
     Christopher G. Davis, Esq. (By: ECF)