**THE LAW OFFICE** *of* **CHRISTOPHER Q. DAVIS**

**WORKING SOLUTIONS NYC**

October 11, 2019

**VIA ECF**

Hon. Gregory H. Woods
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

Re:   *O'Conner et al v. Agilant Solutions, Inc.,* Civil Action No. 1:18-cv-06937-GHW

Dear Judge Woods:

     Our firm represents the Plaintiffs in the above referenced matter. We write jointly with Defendant's counsel to address Plaintiffs' request and Defendant's opposition to an in-camera review of redacted email correspondence produced by Defendant in response to Plaintiffs' targeted and expedited discovery related to Defendant's communications with putative class members to determine which, if any, of the emails are properly protected by attorney-client privilege. *See* Dkt. No. 61.

**Plaintiffs' Position**:

     Defendant has redacted and/or withheld all email communications sent to or from Sonny Bindra, Vice President and General Counsel for Defendant Agilant Solutions, Inc. Communications to or from in-house counsel are not protected by privilege simply because in-house counsel is an attorney. *See U.S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994). For the attorney-client privilege to protect an in-house counsel's communication, the corporate client has the burden of showing that the in-house counsel's communication (1) was made for the purpose of providing legal advice, and (2) that the communication was intended to be, and was in fact, kept confidential. S*ee Pritchard v. County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); *see also* Restatement (Third) The Law Governing Lawyers § 118. Only in-house counsel's communications ***in their legal role*** are subject to the protection of the attorney-client privilege. *See U.S. Postal Serv.*, 852 F. Supp. at 160 (emphasis added). An in-house counsel's communications relating to his or her business function are not protected by the attorney-client privilege. *Id.* Thus, the question courts consider is whether the predominant purpose of the communication is to render or solicit legal advice, as opposed to business advise. *United States v. Int'l Bus. Machs. Corp.,* 66 F.R.D. 206, 212 (S.D.N.Y.1974); *see also In re Buspirone Antitrust Litig.,* 211 F.R.D. 249, 252–53 (S.D.N.Y.2002) (employing the "primary purpose" standard in assessing whether the attorney-client privilege protects certain documents); *In re Grand Jury Proceedings,* No. M–11–198, 2001 WL 1167497, at *25 (S.D.N.Y. Oct.3, 2001) (same); *Armstrong v. Brookdale Hosp.,* No. 98 Civ. 2416, 1999 WL 690149, at *2 (E.D.N.Y. Aug. 28, 1999 (same); *U.S. Postal Serv.,* 852 F.Supp. at 163 (applying a "dominant purpose" standard).

Because an in-house attorney, particularly one who holds an executive position in the company, often is involved in business matters, in order to demonstrate that the communication in question is privileged, ***the company bears the burden of "clearly showing" that the in-house attorney gave advice in his legal capacity, not in his capacity as a business advisor***. *See Ames v. Black Entertainment Television*, 98-cv-0226, 1998 WL 812051, at *8 (S.D.N.Y. Nov. 18, 1998) (collecting cases) (emphasis added). As such, it is the Defendant's burden to establish, with "competent" evidence, the factual basis for their claims of privilege as to all emails sent to or from Defendant's in-house counsel. *See von Bulow v. von Bulow*, 811 F.2d 136, 144, 147 (2d Cir.1987); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (collecting cases). Defendant has not met that burden here.

Specifically, to determine whether the party asserting the privilege has made the requisite showing, courts often turn to "an adequately detailed privilege log" that sets forth specific facts which, if credited, would suffice to establish each element of the privilege that is claimed. *See Bowne,* 150 F.R.D. at 474. Here, Defendant's privilege log listed the nature of every internal email correspondence sent to or from in-house counsel as related to the "distribution and collection of the arbitration agreement." This boilerplate reasoning is not adequate for purposes of determining whether Defendant has made the requisite showing to support their claims of privilege. In fact, the "distribution and collection of the arbitration agreement" is not seemingly about rendering or soliciting legal advice at all. Rather, communications regarding the distribution and collection of the arbitration agreements falls squarely within a business function of an in-house counsel.

Based on the above, the Plaintiffs respectfully request that the Court review in-camera all the documents that Defendant has redacted or withheld claiming attorney-client privilege to determine if any such documents actually qualify for the privilege. In the event that any such documents do not qualify for the privilege, Plaintiffs' respectfully request the Court order the Defendant to produce un-redacted copies of all such documents. Additionally, Plaintiffs have noticed three (3) depositions seeking targeted testimony regarding the arbitration issues. Defendant's counsel has informed Plaintiffs' counsel that during the depositions they intend to take the same position as above – that any questions of the witnesses concerning conversations with in-house counsel or defendant's outside counsel are privileged. For the reasons stated above, Plaintiffs respectfully request that the Court order the witnesses to testify as to communications with in-house counsel in his capacity as a business advisor as opposed to in his legal capacity. These depositions are presently scheduled for October 25, 28 and 29, 2019.

**Defendant's Position**:

On October 3, 2019, Defendant offered to present the issues raised in this letter for resolution by a Magistrate Judge. Plaintiffs declined this offer. As to the merits, case law, as cited above by counsel for Plaintiffs, makes clear that communications from in-house counsel that is for the purpose of legal advice is protected by the privilege while general business advise is not. There must also be a specific need for forth information. The advice does not have to be solely legal advice merely setting forth statutes and case law but can be an application of the law to facts and mixed advice would still be protected by the privilege whereas clear business advice or communications where a non-party is involved are not privileged. Herein, Plaintiffs do not contend

nor dispute that the communications were made between in-house counsel and a non-party. Nor have Plaintiffs made any attempt to demonstrate that any of the communications involved general business advice that has no legal application or relevance and the communications concerning the dissemination of the arbitration agreement by their very nature are legal advice as they do not concern or implicate any general business concerns and clearly concern legal communications regarding the dissemination of the arbitration agreement. Defendants are not required to give a detailed statement as to the contents of the privileged communications, but rather a general summary of the contents which they have provided and which demonstrate that such communications concerning the dissemination of the arbitration agreement are legal in nature. Further, Defendants have provided all signed arbitration agreements and non-privileged communications. Plaintiffs are rather merely engaging in an improper fishing expedition and Defendants believe that Plaintiffs have not demonstrated that an in camera review is required or appropriate.

On the issue of Plaintiffs' counsel questioning witnesses concerning attorney-client privileged matters, there is an inherent difficulty in determining in advance as to whether a particular question will or will not exceed any area in which the Court may hypothetically permit disclosure. Plaintiffs have not expressed a reason for further inquiry. Plaintiffs are obviously unable to do so, as at the present time, as it is not known as to whether any disclosure will be directed. As such, the request is premature. In the event disclosure of any of the written attorney-client privileged written communications is directed, any oral communications can, and most definitely would, include legal advice, which cannot be the subjects of disclosure. If the individual is required to answer questions unknown at this time, based upon a Court directive, the legally protected information will be on the record and a direction to strike will not cure the breach of the privilege. In the event the Court were to consider allowing this type of inquiry, Defendant suggests that the depositions to be conducted before a Magistrate Judge, who could rule on the spot as to each question involving attorney-client communications.

We thank the Court for its attention to this matter.

Respectfully submitted,

Rachel Haskell, Esq.