USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
JAVAN OCONNER, *individually and on behalf of* :
*all others similarly situated,* RAMIN PENA, :
*individually and on behalf of all others similarly situated,* :
JONATHAN CEPADA, *individually and on behalf* :
*of all others similarly situated,* SHAWN :  1:18-cv-6937-GHW
GRIFFITH, EARL RASHADD, and, :
KHAZIZAL T MCGANN :  ORDER
:
:
Plaintiffs, :
:
-v- :
:
AGILANT SOLUTIONS, INC., *doing business as* :
*ASI System Integration, Inc.,* :
:
Defendant. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court has reviewed the joint letter (the "Joint Letter") submitted by the parties and dated December 9, 2019. Dkt No. 73. The Court concludes that Defendant's objections to Plaintiffs' proposed notice are without merit. The language proposed by the Plaintiffs' regarding the arbitration agreements is reasonable and consistent with the great weight of authority in this and other circuits concerning similar issues cited by Plaintiffs on page 2 of the joint letter including decisions rendered after the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). The Court finds this authority persuasive because "determining the enforceability of an arbitration agreement is the type of fact-bound merits inquiry that should not take place at the first stage of the conditional collective action approval process." *Lijun Geng v. Shu Han Ju Rest. II Corp.*, 18-CV-12220 (PAE) (RWL), 2019 WL 4493429, at *15 (S.D.N.Y. Sept. 9, 2019). Although Defendant argues that the statement in the proposed heading in Plaintiff's notice states that "ASI's

arbitration agreement does not prohibit you from joining this lawsuit" is "factually incorrect," Joint Letter at 6 (capitalization altered), the Court will be unable to determine whether this statement is factually incorrect until it determines whether the arbitration agreement is enforceable. Before the Court has made that determination, Plaintiff's proposed language regarding the arbitration agreements is reasonable.

The Court rejects Defendant's proposal to include language regarding its intention to seek recovery of its costs and disbursements because it "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree." *Guzman v. VLM, Inc.*, 07-CV-1126 (JG) (RER), 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007). The Court agrees with Plaintiffs' argument that Defendant's statement that it denies wrongdoing need not be reiterated throughout the notice. *See Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009). Plaintiffs have assented to the inclusion Defendant's proposed sentence in the section titled "WHAT IS THIS LAWSUIT ABOUT?" Therefore, that sentence should be included in the notice; that sentence is sufficient to indicate to putative plaintiffs that Defendant denies wrongdoing.

The Court also agrees that there is no requirement that Plaintiffs employ a third-party claims administrator. *See Hernandez v. Merrill Lynch & Co., Inc.*, 11 CIV. 8472 KBF, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012). The Court likewise agrees that it has already decided during the November 25, 2019 telephone conference that a 90-day notice period is warranted. Finally, the Court agrees that there is no reason that collective members should be directed to contact Defendant's counsel or Defendant's Human Resources Department. This direction would only serve to confuse putative Plaintiffs. *See Kucher v. Domino's Pizza, Inc.*, 16-CV-2492 (AJN), 2017 WL 2987216, at *4 (S.D.N.Y. May 22, 2017). Accordingly, the Court approves Plaintiff's proposed notice with the modification noted above.

The Court also approves the parties' proposed extensions of the discovery schedule. The deadline for the completion of all fact discovery is extended April 15, 2020. The deadline for the completion of depositions is extended to April 14, 2020. The deadline for the completion of expert discovery is extended until May 31, 2020. Every party-proponent of a claim (including any counterclaim, cross-claim, or third- party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by April 15, 2020. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by May 1, 2020. The deadline for motions for summary judgment is extended to June 30, 2020. The status conference scheduled for February 7, 2020 is adjourned to July 15, 2020 at 4 p.m. The parties are directed to call chambers (212-805-0296) at that time with all parties on the line. A joint letter updating the Court on the status of the case, as described in the case management plan entered by the Court on May 3, 2019, Dkt No. 45, shall be filed on ECF no later than July 8, 2020. Except as expressly modified by this order, the case management plan entered by the Court at Dkt No. 45 remains in effect.

SO ORDERED. Dated:

    December 17, 2019
    New York, New York

                                   GREGORY H. WOODS
                                   United States District Judge