UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
Javan O'Conner, Ramin Pena,
Jonathan Cepeda, Shawn Griffith
Individually and on behalf of all others similarly
Situated,                                                                                    Affirmation In Opposition

                                Plaintiffs,
                          v.                                                         18-CV-6937 (GHW)
Agilant Solutions, Inc. d/b/a ASI
System Integrations, Inc.,
                         Defendant.
-------------------------------------------------------------------------X

Joseph Roman, under penalty of perjury, affirms as follows:

1. I am employed by Agilant Systems Inc. ("Agilant") in the position of Vice President of Service Delivery. This affirmation is respectfully submitted in opposition to the motion of the Plaintiffs seeking to void certain arbitration agreements executed by employees of Agilant.

2. Prior to the Court's ruling on the application for preliminary collective certification, Agilant implemented a company-wide policy asking all employees to execute arbitration agreements. These agreements would limit current employees to the extent of requiring them to resolve any wage disputes through final and binding arbitration under the auspices of the American Arbitration Association ("AAA"). Employees were not affirmatively advised of the pending suit when they were asked to sign the arbitration agreements. Almost all current employees, both those who could have been potential collective parties to this lawsuit, and the balance of the employment complement, who are not in any way connected or potentially connected to this lawsuit, executed and returned the signed arbitration agreements. A few employees declined to sign the arbitration agreements and

requested more time to review. Most employees who initially declined to sign the arbitration agreements eventually did sign. No actions were taken against any employee who did not sign the arbitration agreements. They continue to be employed and have suffered no consequence.

3. Agilant did not approach any current or former employee who is currently a plaintiff or a collective plaintiff to ask them to sign an arbitration agreement.

4. I am advised that the Plaintiffs have called the arbitration agreement policy "unconscionable". I am advised that Plaintiffs use this term throughout their argument. Given the weakness of their legal arguments, by mislabeling the facts, Plaintiffs attempt to instill a sympathy factor. Agilant used its Constitutionally protected right to not volunteer any explanation to its employees when asking for them to sign the arbitration agreements. Agilant did not treat the current technicians differently from any other employees in soliciting these agreements.

5. Agilant depends upon the honesty and integrity of its employees to properly log in and log out of their daily assignments. Agilant requires its employees to submit true and accurate time records of the hours worked each day. One of the plaintiffs was terminated for falsifying the same time records, which are the subject of his specific claims to overtime in this action. This former employee did not rebut these facts.

6. Agilant treats its staff as professional. In this day and age employees appreciate a flexible workday. Most employees have family obligations requiring their attention for various personal reasons including child care. Many employees need flexibility due to other commitments. Agilant has provided the flexibility based upon a perception that the minimal off-the-clock time, even if counted as work time, would not result in an employee

performing more than eight hours of work in any given workday.  The employee generated arrival times and departure times, as submitted in the context of the preliminary collective certification process, establish a work day significantly shorter than eight hours.  These records established that each employee has different assignments that of necessity vary their starting and ending times on a daily basis.  However, in only a few instances were employees at an assignment after 3:00 p.m. when schools are in session.

7. It is preferable for all parties that if employees really have a perceived claim for additional compensation, that the claim be raised with human resources, sooner, rather than later, and resolved, without having to file a Federal lawsuit.  Even if the parties cannot resolve the dispute amicably, a quick and efficient arbitration, at virtually no cost to the employee, is more desirable than a Federal lawsuit, which as demonstrated herein requires a lot of time, expense and effort to bring to resolve.

Dated:  Kissimmee, Florida
       January 13, 2020

_____
Joseph Roman