# RAAB, STURM & GANCHROW, LLP

COUNSELORS AT LAW
2125 CENTER AVENUE, SUITE 100
FORT LEE, NEW JERSEY 07024
Tel: (201)292-0150
FAX: (201)292-0152

RONALD RAAB*
IRA A. STURM***
ARI D. GANCHROW*

MAURA E. BREEN**
SAMUEL R. BLOOM****

\* ADMITTED IN NY AND NJ
\*\* ADMITTED IN NY AND CT
\*\*\* ADMITTED IN NY AND FLA
\*\*\*\* ADMITTED IN NY, NJ AND MD

July 7, 2020

By: ECF
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  O'Conner, et al.
        v.
        Agilant Solutions, Inc.
        S.D.N.Y. Docket No. 18-CV-6937 (GHW)

Dear Judge Woods,

Please accept the following request for a pre-motion conference for the purpose of addressing Agilant Solutions, Inc.'s and Technical Staffing Professionals LLC's ("Defendants") request to move, pursuant to FRCP 37, to strike Plaintiffs' Rule 26 Initial Disclosures (herein referred to as "Initial Disclosures"), received from Plaintiffs after business hours on Friday June 26, 2020, two business days before the conclusion of all discovery. The motion will seek an order precluding Plaintiffs from using expert and/or fact testimony of Robert A. Levine and Andrew J. Perun, Plaintiffs' proposed experts and from using any claims for damages not previously provided as required under Rule 26(a). (A copy of the June 26, 2020 Initial Disclosures is annexed hereto as Exhibit "A".)

Defendants start with the Court's earlier admonitions concerning discovery. Your Honor had made it clear after the last request to extend discovery deadlines, that the Court would not look favorably upon requests for additional extensions. Moreover, in order to complete discovery within the time frames, Your Honor compelled Defendants, over my objection, and despite the COVID-19 crisis, to be bound to the deadline. Your Honor ruled that if either party wished to depose witnesses, live depositions were not to be had, giving only one option of proceeding by way of video/telephone depositions. (Telephone Conference of April 28, 2020. Record of the telephone conference was not entered on the docket sheet; but see Docket Entry #s 121 &122.)

On April 4, 2020, Your Honor ordered that the deadline for the completion of all fact discovery would be extended to June 30, 2020; that the deadline for the completion of expert

discovery would be extended until August 15, 2020; that every party-proponent of a claim intending to offer expert testimony in respect of such claim were required to make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 30, 2020; and that every party-opponent of such claim that intended to offer expert testimony in opposition to such claim make the disclosures required by Fed. R. Civ. P. 26(a)(2) by July 15, 2020. (Docket Entry # 102). Fed. R. 26(a)(2) (B) requires in addition to the disclosure of the name of the identity of such expert witness- an expert report, exhibits used for basis of such report, CV, list of cases such expert has testified during last four years, and information regarding their compensation. None of those documents were provided.

Thus, the parties were required to not merely identify, but to serve their export reports by June 30, giving the non-serving party until July 15, to provide its responsive expert opinion.

None of the plaintiffs nor the opt-in plaintiffs have provided Rule 26(a) summaries of damages and counsel for Plaintiffs had confirmed that none would be provided. On the evening of Friday, June 26, 2020, counsel for Plaintiffs forwarded to me the attached Rule 26 Initial Disclosures, which are the subject of the intended motion to strike. Plaintiffs' counsel belatedly asserted, that Rule 26(a) damage information could not be provided until after receipt of information from Defendants. Such is inaccurate, as the plaintiffs and opt-in plaintiffs have this information and should have provided it to their attorneys, in as best estimate as they could, and early in the discovery period. Additionally, Plaintiffs for the first time identified Robert A. Levine and Andrew J. Perun as "fact and expert witness[es]" to testify as to liability and damages."

The allegations of this action are summarized in Your Honor's decision of March 12, 2020 (Docket Entry # 94), which addressed preliminary collective certification. Having taken the depositions of Plaintiffs and one opt-in plaintiff, it became clear that each of the deposed witnesses had a different claim as to the amount of purported off-the-clock time worked. Each had a different claim as to entitlement to pay for non-work time, after leaving the last appointment of the day. Each testified to a different fact pattern as to what they did after leaving their last job site of the day, prior to the end of the full eight-hour shift. Each had differing claims as the amount of time spent each night deciding the order of the assignments, they were to perform the next day. Each had different claims as to the amount of time spent in researching manuals each night. Each deposed witness had different testimony as to the information provided on the State issues on wage notice information and reimbursement for tools. Each witness confirmed that they had in fact been paid for training days. Most confirmed that they were paid for the full eight-hour day, even though training lasted six hours or less. Each confirmed that travel to training could be accomplished using the monthly MetroCard, which costs have always been reimbursed by the Defendant.

Approximately 2–3 weeks ago counsel for Plaintiffs asked me to stipulate to identifying experts to be put off until after Your Honor's ruling on a Rule 23 class certification motion. It is the expert's opinion which would be crucial in determining whether there is any conceivable formula which would allow the Court to decide what damages would be owed to each individual Rule 23 Class or Collective Class member for the off-the-clock claims. This is confirmed by Plaintiffs in their June 26, 2020 Initial Disclosure. I declined the proposal as Your Honor clearly conveyed to the parties that requests for extending the deadlines would be looked upon with disfavor. Now June 30, has passed and Defendants have not been served with an expert report. Your Honor's Order (Docket Entry # 102) left no doubt, and was quite clear, that the actual expert report was due by June 30.

      Ordinarily a ruling on the admissibility of evidence and testimony is accomplished at or near trial through motions in limine. At hand, the parties will be engaging in motion practice, wherein Plaintiffs will be moving for full Rule 23 class and FLSA collective certifications. Defendants will be moving for summary judgment on many of the claims, including the issues concerning collective and class certifications. The Court has set September 15, 2020 as the last date for filing such motions. As such, Defendants are compelled to seek a decision on these questions before the filing deadline. Defendants should not be placed in an untenable position of having to respond to Mr. Levine's and/or Mr. Perun's fact/expert opinions or actual damage claims seen for the first time in opposing Plaintiffs' motion and in the context of a summary motion application. Compounding the problem is the total inability to depose these two individuals, as their identities were withheld until the eve of the expiration of discovery. FRCP 37 allows for this relief.

      FRCP 26(a), mandates that witness identities and damages must be provided without awaiting discovery requests. If this information is not immediately available, the parties are mandated to supplement the responses "in a timely manner." (Rule 26(e)(1)(A)). FRCP 37 adds teeth to these disclosure obligations by stating, in unequivocal terms, that a party who fails to disclose the required information "is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). At hand the failure to disclose is neither justified, nor is it harmless. In Hananburgh v Metro-North Commuter R.R., 2015 US Dist LEXIS 34008 [SDNY Mar. 18, 2015, No. 13-CV-2799 (JMF)], a case whose fact pattern is strikingly similar to the matter at hand, Judge Furman was very firm in precluding testimony from experts, whose identities were belatedly provided. Citing to Bastys v. Rothschild, 154 F. App'x 260, 263 (2d Cir. 2005) Judge Furman admonished:

> "[W]here the court had emphatically ordered that all discovery, including expert discovery, was to conclude by a specified date; where the court had extended that date on several occasions; where the plaintiff, nevertheless, failed to identify any experts within the specified time and failed to articulate a reasonable explanation for its negligence in the district court; and where excusing the belated disclosure would prejudice the defendants who had, as a consequence of plaintiff's failure to identify experts, not retained any of their own, the district court acted within its discretion in refusing to consider the expert submissions . . . .".

Plaintiffs will be hard pressed to argue that last minute disclosure of the names of a fact/expert witnesses Levine and Perun was in any way substantially justified. Because of Plaintiffs' not providing timely information on retaining an expert and timely receipt of the expert's report, Defendants did not seek to retain an expert for the defense.

      Nor can it be harmless in the total refusal to supply damage claims or even estimates of damage claims. At the close of discovery, Plaintiffs assert that they are still engaged in a computation of damages. Plaintiffs contend that they "intend to retain and [sic] expert witness to compute Plaintiffs' damages." Query, when do Plaintiffs intend to retain this expert? On the day of trial? After defense has rested?

      Defendants respectfully request pursuant to Your Honor's Rules of Individual Practice schedule a conference to address the motion and set a schedule for the filing thereof. The parties have conferred concerning this request. Plaintiffs will be submitting a separate response.

Very truly yours,

Ira A. Sturm

cc: Christopher Q. Davis, Esq. (By: ECF)
Rachel Haskell, Esq. (By: ECF)