# EXHIBIT 1_SETTLEMENT AGREEMENT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X

JAVAN O'CONNER, RAMIN PENA,                          :
JONATHAN CEPADA and SHAWN GRIFFITH,     :     Civil Action No. 1:18-cv-06937 (SLC)
individually and on behalf of all others similarly        :
situated,                                                                    :
                                                                                 :
                                   Plaintiffs,                            :
                                                                                 :
                  -against-                                               :
                                                                                 :
AGILANT SOLUTIONS INC.,                                   :
                                                                                 :
                                   Defendant.                          :
                                                                                 :
-------------------------------------------------------- X

<u>SETTLEMENT AGREEMENT</u>

         This Collective Action Settlement Agreement is made and entered into between the Parties, as defined below, arising out of the above-captioned lawsuit.

<u>SECTION 1 – DEFINITIONS AND BACKGROUND</u>

**A.        <u>Definitions</u>**

**1.1.**       The term "Class Counsel" or "Plaintiffs' Counsel" means the Law Office of Christopher Q. Davis, PLLC.

**1.2.**       The term "Class Period" shall refer to (a) with respect to claims under the Fair Labor Standards Act ("FLSA"), the time period beginning three years before the filing with the Court of the Named Plaintiffs' or Opt-In Plaintiffs' consent to join the Litigation and ending on the date of the Court's Approval Order, and (b) with respect to claims under the New York Labor Law ("NYLL"), the time period beginning on August 1, 2012 and ending on August 1, 2020 .

**1.3.**       The term "Counsel" shall refer to Class Counsel and Defendants' Counsel, collectively.

**1.4.**       The term "Court" shall refer to the United States District Court for the Southern District of New York.

**1.5.**       The term "Defendant" shall refer to Agilant Solutions Inc. ("ASI").

**1.6.**       The term "Defendants' Counsel" shall refer to Ira Sturm at Raab, Sturm & Ganchrow, LLP.

**1.7.**       The term "Effective Date" shall refer to the later of: (i) if an appeal has been filed from the Court's Approval Order, the date on which the appeal and any subsequent proceedings are fully

and finally disposed of; or (ii) thirty-one (31) calendar days following the date of the Approval Order if no appeal is filed.

**1.8.**    The term "Approval Order" shall refer to the issuance of an order by the Court granting final approval to this Settlement Agreement, holding that it is a fair, reasonable and adequate settlement of the claims that were asserted or could have been asserted in the Litigation, and directing a final judgment to that effect, and dismissing the Litigation with prejudice.

**1.9.**    The term "Gross Settlement Amount" shall refer to One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00). Under no circumstances shall any Defendants be obligated to make any payments pursuant to this Settlement Agreement would increase the Gross Settlement Amount above this amount, other than payments for employer-side tax obligations and to their own counsel

**1.10.**    The term "Litigation" shall refer to the civil action filed with the Court on or around August 1, 2018 by the Named Plaintiffs entitled *O'Conner, et al. v. Agilant Solutions Inc.,* 1:18-cv-06937 (SLC) (S.D.N.Y.).

**1.11.**    The term "Named Plaintiffs" shall refer to Javan O'Connor[1], Ramin Pena, Shawn Griffith, and Jonathan Cepeda.

**1.12.**    The term "Net Settlement Fund" shall refer to the Gross Settlement Amount less: (a) attorneys' fees and costs awarded to Class Counsel by the Court pursuant to Section 3.2; and (b) Service Payments to select Named Plaintiffs identified by Class Counsel and agreed upon by Defendant's Counsel pursuant to Section 3.3, as approved by the Court.

**1.13.**    The term "Opt-In Plaintiffs" shall refer to: Rashood Earl, Khazaizal T. McGann, Obas Claudeny, Gonzales Onadi, Osman Matamoros, Michael Tam, Ramon Velazquez, Joshua Paul Davis, Mustafa Lamb, Alpha Mamadou Ly, Rashish Paul, L'Shandar Jones, Shadele Grier, Virgil A. Young, Juliana Sankar, Emmanuel Adzadza, Marciala Reyes, Bryan Sukhnandan, Herl Colin, Nfanly Traore, Tayyeb Ahmed, Justin Morris, Janice Hamilton.[2]

**1.14.**    The term "Parties" shall refer to Plaintiffs and Defendants collectively.

**1.15.**    The term "Plaintiffs" shall refer to the Named Plaintiffs and the Opt-In Plaintiffs.

**1.16.**    The term "Pro Rata Share" shall refer to an amount allocated to each Plaintiff from the Net Settlement Fund. That amount shall be based on calculations by Class Counsel, based on each individual Plaintiff's Weeks Worked for ASI and rate(s) of pay during this timeframe, and a determination, based on the available evidence, as to alleged (although unproven) amounts of off-the-clock work performed during this timeframe. Using the above factors, a value shall be determined for each individual Plaintiff which will then be divided by the total calculated value for all Plaintiffs combined. The resulting fraction shall then be multiplied by the Net Settlement

---

[1] Mr. O'Connor's name was misspelled in the initial pleading on this matter as "O'Conner".

[2] The opt-in forms for Ricardo Carvajal and Salvador J. Massa relate to a different matter filed in the Eastern District of New York and were accidently filed on the docket for this case as well as with the EDNY case. They did not work for ASI, are not opt-in plaintiffs in this case, and will not receive a portion of the settlement in this case.

Fund to determine the amount allocated to each individual Plaintiff.

**1.17.**    The term "Released Parties" shall refer to Defendants, plus all of their respective past, present and future parents, subsidiaries, affiliates, predecessors, successors, directors, officers, members, employees, and anyone else acting for any of them.

**1.18.**    The term "Service Payments" shall refer to payments to certain Named Plaintiffs in recognition of their efforts on behalf of all the Plaintiffs in the Litigation. Service Payments shall not exceed $15,000.00 and shall be paid from the Gross Settlement Amount.

**1.19.**    The term "Settlement Agreement" shall refer to this Agreement entered into between Plaintiffs and Defendants.

**1.20.**    The term "Settlement Distribution Check" shall refer to a check issued by Defendants to a Plaintiff pursuant to Section 3 of this Settlement Agreement.

**1.21.**    The term "Settlement Fund" shall refer to the method through which Defendants will distribute settlement funds to Plaintiffs and pay all other amounts contemplated by this Settlement Agreement.

**1.22.**    The term "Weeks Worked" shall refer to the number of workweeks during the Class Period for which a Plaintiff was employed by ASI.

### B.    Background

**1.23.**    In the Litigation, the Plaintiffs allege that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL") by regularly expecting or requiring Plaintiffs to perform work "off the clock," by primarily failing to pay for compensable post-shift activities and also certain pre-shift activities.  Plaintiffs also allege that Defendant violated the NYLL by failing to provide Plaintiffs with accurate wage statements and failing to reimburse business expenses.

**1.24.**    Defendant denies the allegations of wrongdoing in the Litigation and specifically denies that Plaintiffs were denied payments to which they were entitled, including without limitation overtime pay, "gap pay," and other wages, and that Defendant failed to furnish accurate wage statements. Defendant, by entering into this Settlement Agreement, expressly denies any liability or wrongdoing toward any Plaintiffs.

**1.25.**    The Parties desire to fully and finally settle, resolve, and discharge any and all actual and potential claims and disputes that were asserted or could have been asserted by Plaintiffs in the Litigation. Accordingly, the Parties intend that this Settlement Agreement shall constitute a full and complete settlement and release of claims against Defendants pursuant to the terms described herein.

**1.26.**    This Settlement Agreement was reached after extensive formal and informal discovery and private arms-length negotiations between Counsel, including two mediations with the assistance of an experienced and highly qualified mediator from the Southern District of New York's panel of mediators, Michael Lampart. The Parties, Counsel and the mediator believe that this Settlement

Agreement provides a fair and reasonable settlement for all of the claims of the Plaintiffs.

**1.27.**    The terms of the Settlement Agreement are based on a thorough evaluation by Class Counsel of facts obtained through investigation and discovery. Class Counsel represents that they conducted a thorough investigation into the facts of the Litigation and have diligently pursued an investigation of Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Plaintiffs in light of all known facts and circumstances, including the defenses asserted by Defendant and the delay and uncertainty of future litigation, trials, and appeals.

## SECTION 2 – SETTLEMENT APPROVAL

**2.1.**    <u>Stay Of Litigation.</u> The Parties hereby agree to a stay of all discovery, deadlines, and other activity in or related to the Litigation other than in furtherance of this Settlement Agreement unless and until the Court enters an order rejecting the Settlement Agreement.

**2.2.**    <u>Mutual Full Cooperation.</u> As soon as practicable after execution of this Settlement Agreement, the Parties shall take all necessary steps to secure the Court's Approval Order of this Settlement Agreement and to effectuate all aspects of this Settlement Agreement. The Parties and Counsel agree to cooperate fully with each other to obtain an Approval Order of, and to accomplish the terms of, this Settlement Agreement.

**2.3.**    <u>Approval Procedure.</u> The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement to the Court together with the Parties' Joint Letter-Motion for Settlement Approval, (c) entry of an order by the Court granting Approval of the Settlement; (d) occurrence of the Effective Date; and (e) distribution of Settlement Distribution Checks, approved attorneys' fees and costs, and approved Service Awards, within twenty-eight (28) calendar days of the Effective Date.

**2.4.**    <u>Duties Of The Parties Before an Approval Order.</u>  No later than September 23, 2020, Class Counsel shall submit this Settlement Agreement to the Court as part of the Parties' Joint Letter-Motion for Approval of the Settlement Agreement, for determination by the Court as to its fairness, adequacy, and reasonableness, and issuance of an order: (a) approving this Settlement Agreement; (b) directing the mailing of the Settlement Distribution Checks to Plaintiffs; (c) approving Class Counsel's request for attorneys' fees and costs set forth in Section 3.2; and (d) approving the requested Service Awards set forth in Section 3.3.

## SECTION 3 – SETTLEMENT PAYMENTS

**3.1.**    The Gross Settlement Amount and Net Settlement Fund shall be used for the payment of the amounts set forth below.

**3.2.**    <u>Attorneys' Fees And Costs.</u> In the Joint Letter Motion for Settlement Approval Class Counsel shall petition the Court for an award of attorneys' fees and costs. Class Counsel agrees that any award of attorneys' fees and costs shall not exceed thirty percent (30%) of the Gross Settlement

Amount. Defendant shall not oppose any request for attorneys' fees or costs by Class Counsel meeting these conditions so long as the Court approves this Settlement Agreement in substantially the form in which it was submitted for approval. To the extent the Court awards a lesser amount in attorneys' fees or costs, this Settlement Agreement shall remain in full force and effect and be binding upon the Parties, with the amount of such reduction to be added to the Net Settlement Fund for distribution to Plaintiffs according to the procedures herein.

**3.3.**  <u>Service Payments.</u> No more than $15,000.00 shall be paid from the Gross Settlement Amount as Service Payments to select Named Plaintiffs. Defendants shall not oppose any request for Service Payments meeting this condition and shall not oppose Plaintiffs' recommended allocation of the Service Payments. The Service Payments are to be allocated as follows: Plaintiff Javan O'Connor shall receive Ten Thousand dollars ($10,000.00); Plaintiff Ramin Pena shall receive Two Thousand dollars ($2,000.00); Plaintiff Shawn Griffith shall receive One Thousand Five Hundred dollars ($1,500.00); Plaintiff Jonathan Cepada shall receive One Thousand Five Hundred dollars ($1,500.00).

In the event the Court sets the amount of the Service Payments, then the Plaintiffs shall be bound by such a ruling. In the event the Court denies approval of Service Payments, or reduces the amount of the Service Payment to any individual, such individual(s) shall receive only the amount, if any, as the Court has approved, plus their Pro Rata Share pursuant to Section 3.4.

**3.4.**  <u>Distribution of the Net Settlement Fund.</u> Each Plaintiff shall receive payment in the amount of his/her Pro Rata Share. Per Section 3.8, each Plaintiff's Pro Rata Share is allocated at 50% wages and 50% non-wage income and as such each Plaintiff will receive two (2) checks, one representing the wage portion of their Pro Rata Share and one representing the non-wage portion of their Pro Rata Share.

**3.5.**  <u>Settlement Administration.</u>

    A.    Class Counsel and Defendant shall be responsible for administering the Settlement. Class Counsel shall be responsible for calculating each Plaintiff's Pro Rata Share. Defendant shall be responsible for (a) distributing the payments called for by this Settlement Agreement, (b) withholding taxes from such payments as necessary, (c) issuing IRS Forms W-2 and 1099 in connection with such payments, and (d) paying all employer-side tax obligations arising out of such payments.

    B.    Standard employer-side tax obligations, including the Employer Federal Insurance Contributions Act (FICA) amount, shall be paid by Defendant separate and apart from the Gross Settlement Amount.

**3.6.**  No more than twenty-eight (28) calendar days after the Effective Date, Defendant shall mail Settlement Distribution Checks to those Plaintiffs who are entitled to receive such checks pursuant to the terms of this Settlement Agreement.

**3.7.**  <u>Cashing of Checks by the Plaintiffs.</u> Each Plaintiff shall have ninety (90) calendar days from the check mailing date to endorse the Settlement Distribution Check issued to him/her and present it for payment. Each Settlement Distribution Check will include a notice clearly stating that he/she has 90 calendar days from the check mailing date to endorse and present the Settlement

Distribution Check for payment. Class Counsel will issue reminder notice(s) after 30 days, 60 days and 80 days, to any Plaintiffs who have not yet cashed their Settlement Distribution Check at that time.

**3.8.**    <u>Tax Reporting</u>.  All payments to the Plaintiffs under this Settlement Agreement shall be allocated as 50% lost wages, less all applicable withholdings and deductions required by law, which shall be reported as wage income on a IRS Form W-2 to be issued to Plaintiffs; and 50% as non-wage income, which will be reported on IRS Form 1099, the former reflecting payments in settlement of claims for unpaid straight time and overtime wages, and the latter reflecting payments in settlement of claims for liquidated damages and pre-judgment interest as provided by law. Payments to Class Counsel with respect to attorneys' fees and costs shall be reported on a Form 1099 prepared and issued by Defendant to Class Counsel.

**3.9.**    <u>Unclaimed Funds</u>. Any amount of the Net Settlement Fund that is not paid to the Plaintiffs, whether because of delivery failures or failures by Plaintiffs to timely and properly present Settlement Distribution Checks for payment, or otherwise, shall be donated, by way of an award in the nature of *cy pres* to one or more charitable or non-profit organizations selected by Defendant, subject to approval by Class Counsel, which approval will not unreasonably be withheld.

## SECTION 4 – RELEASES

**4.1.**    <u>Release of NYLL Claims</u>. Upon the Approval Order, and except as to such rights or claims as may be specifically created by this Agreement, each Plaintiff, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys fully releases and discharges Defendant, Defendant's present and former parent companies, subsidiaries, related or affiliated companies, including but not limited to Agilant Solutions, Inc. f/k/a ASI System Integration, Inc., and Technology Staffing Professionals, LLC and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, customers, clients, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations under the NYLL and any other applicable state or local wage and hour law, including but not limited to, any and all claims for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records, meal break claims, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under state and/or local wage and hour laws (including but not limited to the New York Labor Law and New York Code of Rules and Regulations), through the Effective Date of this Agreement (the "State/Local Release"). This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees' and costs. In addition, each Plaintiff specifically and affirmatively releases Releasees from not only those claims within the scope of the State/Local Release against the Released Parties which they know about, but also those claims about which they do not know.

**4.2.**    <u>Release of FLSA Claims</u>. Upon the Approval Order, and except as to such rights or claims as may be specifically created by this Agreement, each Plaintiff shall be deemed (1) to have consented to join the Litigation for purposes of asserting FLSA claims and, (2) to have released,

on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorney the Releasees (as defined in Section 4.1 above) from any and all claims for any wage and hour violations under the FLSA, including but not limited to, any and all claims for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records, meal break claims, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under the FLSA and federal regulation through the Effective Date of this Agreement (the "FLSA Release"). This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees' and costs. In addition, each Claimant specifically and affirmatively releases Releasees from not only those claims within the scope of the FLSA Release against the Released Parties which they know about, but also those claims about which they do not know.

**4.3.**    By operation of the entry of the Judgment and Approval Order, and except as to such rights or claims as may be created by this Agreement each Plaintiff forever and fully releases Defendant from all released claims as detailed in sections 4.1 and 4.2 above.

**4.4.**    The Plaintiffs acknowledge that, by entering into this Settlement Agreement, they no longer have the right to assert any claim or lawsuit of any kind attempting to recover money or any other relief against Releasees for alleged acts or injures within the scope of the NYLL Release and/or FLSA Release.

## SECTION 5 – TERMINATION OF THE SETTLEMENT AGREEMENT

**5.1.**    <u>Failure To Approve Or Dismiss.</u> If the Court, for any reason, does not grant an Approval Order as to this Settlement Agreement in substantially the form as signed by the Parties, or fails to enter a judgment and dismissal with prejudice of the Litigation, or if the Court's grant of final judgment and dismissal is reversed, modified, or declared or rendered void, on appeal or otherwise, then this entire Settlement Agreement shall be rendered null and void.

**5.2.**    <u>Effect Of Termination.</u> If the Settlement Agreement is rendered null and void, or otherwise terminated according to the terms set forth herein, then: (a) neither this Settlement Agreement, nor any of the related negotiations or proceedings, shall be of any force or effect, and no Party shall be bound by any of its terms; (b) all Parties shall stand in the same position, without prejudice, as if the Settlement Agreement had not been entered or filed with the Court; (c) nothing in this Settlement Agreement, or any of the related negotiations or proceedings, shall be admissible for any purpose, including without limitation in connection with Defendant's rights under 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23, to contest conditional or class certification in the Litigation or any other legal action asserting substantially the same claims as those asserted in the Litigation; and (d) Defendants shall have no obligation to make any payment to Class Counsel or the Plaintiffs.

**5.3.**    <u>The Settlement Is Non-Admissible.</u> Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in the Litigation or any other action for any purpose whatsoever, except to seek enforcement of the terms of the Settlement Agreement.

## SECTION 6 – WARRANTIES

**6.1.**    If the facts upon which the Settlement Agreement is founded upon are different from the facts believed to be true, this Settlement Agreement shall remain binding and effective and the Parties expressly accept and assume the risk of such possible differences and agree that this Settlement Agreement shall remain binding and effective, notwithstanding any such potential differences.

**6.2.**    The Named Plaintiffs and Opt-In Plaintiffs further expressly warrant that no rights, causes of actions, or claims that they have released on an individual basis in this Settlement Agreement have been assigned, transferred or otherwise disposed of to any person or entity, nor have the Named Plaintiffs made any attempt to assign, transfer or otherwise dispose of any of the rights, causes of action or claims asserted in the Litigation.

## SECTION 7 – DENIAL OF LIABILITY

**7.1.**    This Settlement Agreement is a compromise of disputed claims. Defendant denies any and all allegations of wrongdoing or illegal conduct alleged by Plaintiffs in the Litigation. The exchange of consideration contemplated by this Settlement Agreement, and any other acts, omissions, or statements by the Parties, are not to be construed as any admission of liability of any Party for any claims or defenses, with liability being expressly denied. Neither this Settlement Agreement nor anything contained in the Settlement Agreement, the settlement proposals exchanged by the Parties, or any motions or Orders filed or entered pursuant to the Settlement Agreement, shall be interpreted or construed as an admission or concession of liability, culpability, or wrongdoing by Defendant or Plaintiffs.

## SECTION 8 – GENERAL PROVISIONS

**8.1.**    Entire Agreement. This Settlement Agreement constitutes the entire agreement of the Parties hereto with respect to all of the matters addressed herein, and supersedes all prior or contemporaneous discussions, communications, or agreements, expressed or implied, written or oral, by or between the Parties.

**8.2.**    Governing Law. This Settlement Agreement shall be interpreted and governed according to the law of the State of New York, except to the extent superseded by federal law.

**8.3.**    Retention of Jurisdiction. The Court shall retain jurisdiction over: (a) the interpretation and implementation of this Settlement Agreement; (b) any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and/or the settlement contemplated thereby; and (c) any disputes arising out of this Settlement Agreement, including actions or motions to enforce this Settlement Agreement.

**8.4.**    Binding On Successors. The provisions of the Settlement Agreement and releases shall be binding upon and shall inure to the benefit of the successors, assigns, and administrators of the respective Parties.

**8.5.**    Appeal. In the event of a timely appeal from the Court's judgment and dismissal of the

Litigation pursuant to a Final Approval order, the judgment shall be stayed and the actions required by this Settlement Agreement shall not take place until all appeal rights have been exhausted by operation of law.

**8.6.**    <u>No Amendment Without A Writing.</u> The Parties hereto agree that no amendment or modification of this Settlement Agreement shall be binding unless made in writing, signed by the Parties, and approved by the Court. Any waiver of a breach of any provision of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach

**8.7.**    <u>Severability</u>. If any provision of this Agreement, other than the release of claims set forth in Section 4, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement will remain in full force and effect. If the release of claims in Section 4 is found to be void, voidable, unlawful, or unenforceable, Defendant's obligations herein, including but not limited to their obligation to fund the settlement shall be entirely null, void and of no effect and the parties will continue litigating as if this Agreement was not entered into.

**8.8.**    <u>Notice.</u> Unless otherwise specifically provided, all notices, demands, or other communications in connection with this Settlement Agreement shall be sent via United States mail, with a copy by e-mail addressed as follows:

<u>To the Plaintiffs:</u>

Christopher Quincy Davis, Esq.
Rachel Meredith Haskell, Esq.
The Law Office of Christopher Q. Davis, PLLC
80 Broad Street, Suite 703
New York, NY 10004
cdavis@workingsolutionsnyc.com
rhaskell@workingsolutionsnyc.com

<u>To Defendants:</u>

Ira Sturm, Esq.
Raab, Sturm & Ganchrow, LLP
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
isturm@rsgllp.com

and

Sonny Bindra, General Counsel
Agilant Solutions Inc.
3 Seaview Boulevard
Port Washington, NY 11050
sbindra@goagilant.com

**8.9.**    <u>Construction And Interpretation.</u> The Parties agree that the terms and conditions of this

Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement. Section titles and headings are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

**8.10.**   <u>Counterparts.</u> This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. A facsimile, digital image, or copy of this Settlement Agreement shall have the full force and effect of, and be admissible as, an original.

IN WITNESS THEREOF, the Parties hereto and their Counsel have executed the Settlement Agreement as of the date specified below.

*[Signature Pages to Follow]*

**ACCEPTED AND AGREED:**

**PARTY PLAINTIFFS:**

**Javan O'Connor:**                                              **Joshua Paul Davis:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Ramin Pena:**                                                 **Mustafa Lamb:**

**Dated:** 09 / 18 / 2020 **2020**                           **Dated:** _____ **2020**

**Shawn Griffith:**                                             **Alpha Mamadou Ly:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Jonathan Cepada:**                                           **Rashish Paul:**

**Dated:** 09 / 21 / 2020 **2020**                           **Dated:** _____ **2020**

**Rashood Earl:**                                              **L'Shandar Jones:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Khazaizal T. McGann:**                                       **Shadele Grier:**

**Dated:** 09 / 21 / 2020 **2020**                           **Dated:** _____ **2020**

**Obas Claudeny:**                                             **Virgil A. Young:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Gonzales Onadi:**                                            **Juliana Sankar:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Osman Matamoros:**                                           **Emmanuel Adzadza:**

**Dated:** 09 / 17 / 2020 **2020**                           **Dated:** _____ **2020**

**Michael Tam:**                                               **Marciala Reyes:**

**Dated:** _____ **2020**                           **Dated:** _____ **2020**

**Ramon Velazquez:**                                           **Bryan Sukhnandan:**

**Dated:** _____ **2020**                           **Dated:** _____ **2020**

Doc ID: 2bba153e6c6b7e114e281b7bf8ae52afdea62a85

**ACCEPTED AND AGREED:**

**PARTY PLAINTIFFS:**

Javan O'Connor:                          Joshua Paul Davis:

Dated: _____ **2020**      Dated: 09 / 17 / 2020 _____ **2020**

Ramin Pena:                              Mustafa Lamb:

Dated: _____ **2020**      Dated: 09 / 17 / 2020 _____ **2020**

Shawn Griffith:                          Alpha Mamadou Ly:

Dated: _____ **2020**      Dated: 09 / 17 / 2020 _____ **2020**

Jonathan Cepada:                         Rashish Paul:

Dated: _____ **2020**      Dated: 09 / 17 / 2020 _____ **2020**

Rashood Earl:                            L'Shandar Jones:

Dated: _____ **2020**      Dated: 09 / 18 / 2020 _____ **2020**

Khazaizal T. McGann:                     Shadele Grier:

Dated: _____ **2020**      Dated: _____ **2020**

Obas Claudeny:                           Virgil A. Young:

Dated: _____ **2020**      Dated: 09 / 17 / 2020 _____ **2020**

Gonzales Onadi:                          Juliana Sankar:

Dated: _____ **2020**      Dated: _____ **2020**

Osman Matamoros:                         Emmanuel Adzadza:

Dated: _____ **2020**      Dated: _____ **2020**

Michael Tam:                             Marciala Reyes:

Dated: 09 / 17 / 2020 _____ **2020**      Dated: _____ **2020**

Ramon Velazquez:                         Bryan Sukhnandan:

Dated: 09 / 17 / 2020 _____ **2020**      Dated: _____ **2020**

11

Doc ID: ec5721fd7de24367ae8eda95e7c83d6a25c8291c

**ACCEPTED AND AGREED:**

**PARTY PLAINTIFFS:**

**Javan O'Connor:**                                   **Joshua Paul Davis:**

Dated: _____ **2020**          Dated: _____ **2020**

**Ramin Pena:**                                       **Mustafa Lamb:**

Dated: _____ **2020**          Dated: _____ **2020**

**Shawn Griffith:**                                   **Alpha Mamadou Ly:**

Dated: _____ **2020**          Dated: _____ **2020**

**Jonathan Cepada:**                                  **Rashish Paul:**

Dated: _____ **2020**          Dated: _____ **2020**

**Rashood Earl:**                                     **L'Shandar Jones:**

Dated: _____ **2020**          Dated: _____ **2020**

**Khazaizal T. McGann:**                              **Shadele Grier:**

Dated: _____ **2020**          Dated: _____ **2020**

**Obas Claudeny:**                                    **Virgil A. Young:**

Dated: _____ **2020**          Dated: _____ **2020**

**Gonzales Onadi:**                                   **Juliana Sankar:**

Dated: _____ **2020**          Dated: _09 / 18 / 2020_ **2020**

**Osman Matamoros:**                                  **Emmanuel Adzadza:**

Dated: _____ **2020**          Dated: _09 / 17 / 2020_ **2020**

**Michael Tam:**                                      **Marciala Reyes:**

Dated: _____ **2020**          Dated: _____ **2020**

**Ramon Velazquez:**                                  **Bryan Sukhnandan:**

Dated: _____ **2020**          Dated: _09 / 22 / 2020_ **2020**

11

Doc ID: 276a790fb5758aaa2c50431b7c007dcb5ef14f4b

**ACCEPTED AND AGREED:**

**PARTY PLAINTIFFS:**

Javan O'Connor:                                          Joshua Paul Davis:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Ramin Pena:                                                Mustafa Lamb:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Shawn Griffith:                                           Alpha Mamadou Ly:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Jonathan Cepada:                                        Rashish Paul:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Rashood Earl:                                             L'Shandar Jones:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Khazaizal T. McGann:                                Shadele Grier:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Obas Claudeny:                                          Virgil A. Young:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Gonzales Onadi:                                         Juliana Sankar:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Osman Matamoros:                                     Emmanuel Adzadza:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

Michael Tam:                                             Marciala Reyes:

_____                  _____
Dated: _____ **2020**                 Dated: _09 / 21 / 2020_ **2020**

Ramon Velazquez:                                      Bryan Sukhnandan:

_____                  _____
Dated: _____ **2020**                 Dated: _____ **2020**

11

Doc ID: 03308a030a816b689fcb70dd6acf766136c424cc

**ACCEPTED AND AGREED:**

**PARTY PLAINTIFFS:**

**Javan O'Connor:**

Dated: _____ **2020**

**Joshua Paul Davis:**

Dated: _____ **2020**

**Ramin Pena:**

Dated: _____ **2020**

**Mustafa Lamb:**

Dated: _____ **2020**

**Shawn Griffith:**

Dated: _____ **2020**

**Alpha Mamadou Ly:**

Dated: _____ **2020**

**Jonathan Cepada:**

Dated: _____ **2020**

**Rashish Paul:**

Dated: _____ **2020**

**Rashood Earl:**

Dated: _____ **2020**

**L'Shandar Jones:**

Dated: _____ **2020**

**Khazaizal T. McGann:**

Dated: _____ **2020**

**Shadele Grier:**

Dated: 09 / 18 / 2020 **2020**

**Obas Claudeny:**

Dated: _____ **2020**

**Virgil A. Young:**

Dated: _____ **2020**

**Gonzales Onadi:**

Dated: _____ **2020**

**Juliana Sankar:**

Dated: _____ **2020**

**Osman Matamoros:**

Dated: _____ **2020**

**Emmanuel Adzadza:**

Dated: _____ **2020**

**Michael Tam:**

Dated: _____ **2020**

**Marciala Reyes:**

Dated: _____ **2020**

**Ramon Velazquez:**

Dated: _____ **2020**

**Bryan Sukhnandan:**

Dated: _____ **2020**

Doc ID: 473ba41d126d753b840330b122f663a94da73262

**Herl Colin:** *Herl Colin*

Dated: 09 / 17 / 2020 **2020**

**Justin Morris:** *Justin Morris*

Dated: 09 / 22 / 2020 **2020**

**Nfanly Traore:** *Traore*

Dated: 09 / 18 / 2020 **2020**

**Tayyeb Ahmed:** *Tayyeb Ahmed*

Dated: 09 / 17 / 2020 **2020**

**Janice Hamilton:** *Janice Hamilton*

Dated: 09 / 17 / 2020 **2020**

**FOR DEFENDANT AND ALL RELEASEES:**

**By:** _____

**Title:** _____

**Print Name:** _____

**Dated:** _____ **2018**

12

**Herl Colin:**    *Herl Colin*

**Dated:** 09 / 17 / 2020 **2020**

**Justin Morris:**    *Justin Morris*

**Dated:** 09 / 22 / 2020 **2020**

**Nfanly Traore:**    *Traore*

**Dated:** 09 / 18 / 2020 **2020**

**Tayyeb Ahmed:** *Tayyeb Ahmed*

**Janice Hamilton:**    *Janice Hamilton*

**Dated:** 09 / 17 / 2020 **2020**

**Dated:** 09 / 17 / 2020 **2020**

**FOR DEFENDANT AND ALL RELEASEES:**

**By:** _____

**Title:** CEO

**Print Name:** Sonny Chabra

**Dated:** 9/23/20 **2018**

12

Doc ID: 276a790fb5758aaa2c50431b7c007dcb5ef14f4b



Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-22-1q375zq.pdf |
| **DOCUMENT ID** | 2bba153e6c6b7e114e281b7bf8ae52afdea62a85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com**

## Document History

**SENT**
**09 / 17 / 2020**
17:01:21 UTC

Sent for signature to Javan OConner (oconnorjavan@yahoo.com), Ramin Pena (ramin.pena@gmail.com), Shawn Griffith (griffithshawn7339@gmail.com), Jonathan Cepada (jonathance101@gmail.com), Rashodd Earle (rashoddearle@gmail.com), Khazaizal T. McGann (khazamcgann@gmail.com), Claudeny Obas (claudeny.obas@gmail.com), Onadi Gonzales (gonzales15.gompers@gmail.com) and Osman Matamoros (osmandmatamoros@gmail.com) from rhaskell@workingsolutionsnyc.com
IP: 71.105.158.94

**VIEWED**
**09 / 17 / 2020**
18:11:51 UTC

Viewed by Osman Matamoros (osmandmatamoros@gmail.com)
IP: 72.68.164.153

**VIEWED**
**09 / 17 / 2020**
18:18:23 UTC

Viewed by Khazaizal T. McGann (khazamcgann@gmail.com)
IP: 67.254.238.245

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-22-1q375zq.pdf |
| **DOCUMENT ID** | 2bba153e6c6b7e114e281b7bf8ae52afdea62a85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⊙ VIEWED | **09 / 17 / 2020**  18:18:54 UTC | Viewed by Shawn Griffith (griffithshawn7339@gmail.com)  IP: 172.58.228.120 |
| SIGNED | **09 / 17 / 2020**  18:20:51 UTC | Signed by Shawn Griffith (griffithshawn7339@gmail.com)  IP: 172.58.228.120 |
| ⊙ VIEWED | **09 / 17 / 2020**  18:22:34 UTC | Viewed by Onadi Gonzales (gonzales15.gompers@gmail.com)  IP: 172.58.227.104 |
| SIGNED | **09 / 17 / 2020**  18:25:15 UTC | Signed by Onadi Gonzales (gonzales15.gompers@gmail.com)  IP: 172.58.227.104 |
| SIGNED | **09 / 17 / 2020**  18:30:28 UTC | Signed by Osman Matamoros (osmandmatamoros@gmail.com)  IP: 72.68.164.153 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-22-1q375zq.pdf |
| **DOCUMENT ID** | 2bba153e6c6b7e114e281b7bf8ae52afdea62a85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| ◉ VIEWED | **09 / 17 / 2020** 18:46:24 UTC | Viewed by Javan OConner (oconnorjavan@yahoo.com) IP: 69.118.25.216 |
| ✒ SIGNED | **09 / 17 / 2020** 18:58:22 UTC | Signed by Javan OConner (oconnorjavan@yahoo.com) IP: 69.118.25.216 |
| ◉ VIEWED | **09 / 17 / 2020** 19:02:11 UTC | Viewed by Rashodd Earle (rashoddearle@gmail.com) IP: 24.193.153.155 |
| ✒ SIGNED | **09 / 17 / 2020** 19:04:23 UTC | Signed by Rashodd Earle (rashoddearle@gmail.com) IP: 24.193.153.155 |
| ◉ VIEWED | **09 / 17 / 2020** 19:13:53 UTC | Viewed by Ramin Pena (ramin.pena@gmail.com) IP: 137.83.201.119 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-22-1q375zq.pdf |
| **DOCUMENT ID** | 2bba153e6c6b7e114e281b7bf8ae52afdea62a85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| ⊚ VIEWED | **09 / 17 / 2020**<br>21:01:45 UTC | Viewed by Jonathan Cepada (jonathance101@gmail.com)<br>IP: 99.203.118.60 |
| ⊚ VIEWED | **09 / 18 / 2020**<br>01:35:56 UTC | Viewed by Claudeny Obas (claudeny.obas@gmail.com)<br>IP: 72.229.62.241 |
| ✐ SIGNED | **09 / 18 / 2020**<br>01:37:01 UTC | Signed by Claudeny Obas (claudeny.obas@gmail.com)<br>IP: 72.229.62.241 |
| ✐ SIGNED | **09 / 18 / 2020**<br>17:41:25 UTC | Signed by Ramin Pena (ramin.pena@gmail.com)<br>IP: 137.83.201.119 |
| ✐ SIGNED | **09 / 21 / 2020**<br>12:29:24 UTC | Signed by Jonathan Cepada (jonathance101@gmail.com)<br>IP: 99.203.119.252 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-22-1q375zq.pdf |
| **DOCUMENT ID** | 2bba153e6c6b7e114e281b7bf8ae52afdea62a85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| SIGNED | **09 / 21 / 2020**<br>19:50:46 UTC | Signed by Khazaizal T. McGann (khazamcgann@gmail.com)<br>IP: 67.254.238.245 |
| COMPLETED | **09 / 21 / 2020**<br>19:50:46 UTC | The document has been completed. |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-pgd274.pdf |
| **DOCUMENT ID** | ec5721fd7de24367ae8eda95e7c83d6a25c8291c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

**SENT**

**09 / 17 / 2020**
16:50:06 UTC

Sent for signature to Michael Tam (michaeltam0593@gmail.com), Ramon Velazquez (rvelazquez93@yahoo.com), Joshua P. Davis (davisreal1987@hotmail.com), Mustafa Lamb (mustafalamb@gmail.com), Alpha M. Ly (alphaly2301@gmail.com), Rashish Paul (rashishpaul@gmail.com), L'Shandar Jones (lshandarjones@gmail.com) and Virgil A. Young (vyoung360@gmail.com) from rhaskell@workingsolutionsnyc.com
IP: 71.105.158.94

**VIEWED**

**09 / 17 / 2020**
16:53:53 UTC

Viewed by Joshua P. Davis (davisreal1987@hotmail.com)
IP: 100.12.232.176

**SIGNED**

**09 / 17 / 2020**
16:55:13 UTC

Signed by Joshua P. Davis (davisreal1987@hotmail.com)
IP: 100.12.232.176

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-pgd274.pdf |
| **DOCUMENT ID** | ec5721fd7de24367ae8eda95e7c83d6a25c8291c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| VIEWED | **09 / 17 / 2020** 16:58:15 UTC | Viewed by Rashish Paul (rashishpaul@gmail.com) IP: 172.58.227.19 |
| SIGNED | **09 / 17 / 2020** 17:00:15 UTC | Signed by Rashish Paul (rashishpaul@gmail.com) IP: 172.58.227.19 |
| VIEWED | **09 / 17 / 2020** 17:01:06 UTC | Viewed by Michael Tam (michaeltam0593@gmail.com) IP: 172.58.227.63 |
| SIGNED | **09 / 17 / 2020** 17:02:22 UTC | Signed by Michael Tam (michaeltam0593@gmail.com) IP: 172.58.227.63 |
| VIEWED | **09 / 17 / 2020** 17:35:35 UTC | Viewed by Mustafa Lamb (mustafalamb@gmail.com) IP: 47.17.132.58 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-pgd274.pdf |
| **DOCUMENT ID** | ec5721fd7de24367ae8eda95e7c83d6a25c8291c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| SIGNED | **09 / 17 / 2020**<br>17:57:18 UTC | Signed by Mustafa Lamb (mustafalamb@gmail.com)<br>IP: 47.17.132.58 |
| VIEWED | **09 / 17 / 2020**<br>18:32:45 UTC | Viewed by Ramon Velazquez (rvelazquez93@yahoo.com)<br>IP: 216.158.178.254 |
| SIGNED | **09 / 17 / 2020**<br>18:54:50 UTC | Signed by Ramon Velazquez (rvelazquez93@yahoo.com)<br>IP: 216.158.178.254 |
| VIEWED | **09 / 17 / 2020**<br>19:46:29 UTC | Viewed by Virgil A. Young (vyoung360@gmail.com)<br>IP: 108.176.137.179 |
| SIGNED | **09 / 17 / 2020**<br>19:47:10 UTC | Signed by Virgil A. Young (vyoung360@gmail.com)<br>IP: 108.176.137.179 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-pgd274.pdf |
| **DOCUMENT ID** | ec5721fd7de24367ae8eda95e7c83d6a25c8291c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| 👁 VIEWED | **09 / 17 / 2020** 20:30:55 UTC | Viewed by Alpha M. Ly (alphaly2301@gmail.com) IP: 38.73.252.187 |
| ✍ SIGNED | **09 / 17 / 2020** 20:42:11 UTC | Signed by Alpha M. Ly (alphaly2301@gmail.com) IP: 38.73.252.187 |
| 👁 VIEWED | **09 / 18 / 2020** 12:53:56 UTC | Viewed by L'Shandar Jones (lshandarjones@gmail.com) IP: 173.3.65.65 |
| ✍ SIGNED | **09 / 18 / 2020** 13:06:50 UTC | Signed by L'Shandar Jones (lshandarjones@gmail.com) IP: 173.3.65.65 |
| ✓ COMPLETED | **09 / 18 / 2020** 13:06:50 UTC | The document has been completed. |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-1g45uyt.pdf |
| **DOCUMENT ID** | 276a790fb5758aaa2c50431b7c007dcb5ef14f4b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| **SENT** | **09 / 17 / 2020**<br>16:25:44 UTC | Sent for signature to Juliana Sankar (julianasankar25@gmail.com), Emmanuel Adzadza (eadzadza@gmail.com), Bryan Sukhnandan (bsukhnandan@nyit.edu), Herl Colin (earlcolin098@gmail.com), Nfanly Traore (fanlyt@hotmail.com), Tayyeb Ahmed (tayyeb@hotmail.com), Justin Morris (justin.morris754@gmail.com) and Janice Hamilton (jeh0964@gmail.com) from rhaskell@workingsolutionsnyc.com IP: 71.105.158.94 |
| **VIEWED** | **09 / 17 / 2020**<br>16:28:36 UTC | Viewed by Emmanuel Adzadza (eadzadza@gmail.com) IP: 71.105.158.94 |
| **SIGNED** | **09 / 17 / 2020**<br>16:35:46 UTC | Signed by Emmanuel Adzadza (eadzadza@gmail.com) IP: 173.77.226.177 |
| **VIEWED** | **09 / 17 / 2020**<br>19:22:18 UTC | Viewed by Janice Hamilton (jeh0964@gmail.com) IP: 24.38.111.138 |

 **HELLOSIGN**

## Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-1g45uyt.pdf |
| **DOCUMENT ID** | 276a790fb5758aaa2c50431b7c007dcb5ef14f4b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| SIGNED | **09 / 17 / 2020**<br>19:26:18 UTC | Signed by Janice Hamilton (jeh0964@gmail.com)<br>IP: 24.38.111.138 |
| VIEWED | **09 / 17 / 2020**<br>21:05:18 UTC | Viewed by Tayyeb Ahmed (tayyeb@hotmail.com)<br>IP: 69.136.105.142 |
| VIEWED | **09 / 17 / 2020**<br>21:06:49 UTC | Viewed by Herl Colin (earlcolin098@gmail.com)<br>IP: 74.90.233.153 |
| SIGNED | **09 / 17 / 2020**<br>21:09:47 UTC | Signed by Tayyeb Ahmed (tayyeb@hotmail.com)<br>IP: 69.136.105.142 |
| SIGNED | **09 / 17 / 2020**<br>21:16:40 UTC | Signed by Herl Colin (earlcolin098@gmail.com)<br>IP: 12.167.18.252 |

 **HELLOSIGN**

<span style="float:right">Audit Trail</span>

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-1g45uyt.pdf |
| **DOCUMENT ID** | 276a790fb5758aaa2c50431b7c007dcb5ef14f4b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| 👁 VIEWED | **09 / 18 / 2020**<br>12:00:00 UTC | Viewed by Nfanly Traore (fanlyt@hotmail.com)<br>IP: 72.80.123.9 |
| ✒ SIGNED | **09 / 18 / 2020**<br>12:03:38 UTC | Signed by Nfanly Traore (fanlyt@hotmail.com)<br>IP: 72.80.123.9 |
| 👁 VIEWED | **09 / 18 / 2020**<br>17:45:15 UTC | Viewed by Juliana Sankar (julianasankar25@gmail.com)<br>IP: 172.58.227.247 |
| ✒ SIGNED | **09 / 18 / 2020**<br>17:47:29 UTC | Signed by Juliana Sankar (julianasankar25@gmail.com)<br>IP: 172.58.227.247 |
| 👁 VIEWED | **09 / 18 / 2020**<br>21:11:58 UTC | Viewed by Justin Morris (justin.morris754@gmail.com)<br>IP: 172.58.230.149 |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200917-44-1g45uyt.pdf |
| **DOCUMENT ID** | 276a790fb5758aaa2c50431b7c007dcb5ef14f4b |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | | |
|---|---|---|---|
| 👁 VIEWED | **09 / 22 / 2020** 14:42:35 UTC | Viewed by Bryan Sukhnandan (bsukhnandan@nyit.edu) IP: 71.105.158.94 |
| ✍ SIGNED | **09 / 22 / 2020** 15:18:12 UTC | Signed by Bryan Sukhnandan (bsukhnandan@nyit.edu) IP: 69.126.248.61 |
| ✍ SIGNED | **09 / 22 / 2020** 20:16:14 UTC | Signed by Justin Morris (justin.morris754@gmail.com) IP: 172.58.231.213 |
| ✓ COMPLETED | **09 / 22 / 2020** 20:16:14 UTC | The document has been completed. |

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200918-14-1sgehld.pdf |
| **DOCUMENT ID** | 03308a030a816b689fcb70dd6acf766136c424cc |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

SENT
**09 / 18 / 2020**
15:43:04 UTC

Sent for signature to Marciala Reyes (reyes.marci@gmail.com)
from rhaskell@workingsolutionsnyc.com
IP: 71.105.158.94

VIEWED
**09 / 21 / 2020**
04:28:47 UTC

Viewed by Marciala Reyes (reyes.marci@gmail.com)
IP: 108.54.102.73

SIGNED
**09 / 21 / 2020**
04:32:33 UTC

Signed by Marciala Reyes (reyes.marci@gmail.com)
IP: 108.54.102.73

COMPLETED
**09 / 21 / 2020**
04:32:33 UTC

The document has been completed.

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Hello |
| **FILE NAME** | RackMultipart20200918-14-fsdbuk.pdf |
| **DOCUMENT ID** | 473ba41d126d753b840330b122f663a94da73262 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested on workingsolutionsnyc.cliogrow.com and signed on workingsolutionsnyc.cliogrow.com

## Document History

| | | |
|---|---|---|
| ↱ **SENT** | **09 / 18 / 2020**<br>14:39:26 UTC | Sent for signature to Shadele Grier (shadelegrier@gmail.com)<br>from rhaskell@workingsolutionsnyc.com<br>IP: 71.105.158.94 |
| 👁 **VIEWED** | **09 / 18 / 2020**<br>18:47:36 UTC | Viewed by Shadele Grier (shadelegrier@gmail.com)<br>IP: 172.56.27.247 |
| ✒ **SIGNED** | **09 / 18 / 2020**<br>18:48:37 UTC | Signed by Shadele Grier (shadelegrier@gmail.com)<br>IP: 172.56.27.247 |
| ⊘ **COMPLETED** | **09 / 18 / 2020**<br>18:48:37 UTC | The document has been completed. |